UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDWARD C. SUTHERLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>    Defendant. | CASE NO. C09-5549BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Plaintiff Edward C. Sutherland's ("Sutherland") objections (Dkt. 24) to the Report and Recommendation of Magistrate Judge Karen L. Strombom (Dkt. 23). The Court has considered the pleadings filed in support of Sutherland's objections and the remainder of the file and hereby adopts in part and declines to adopt in part the Report and Recommendation for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 27, 2010, Magistrate Judge Strombom issued a Report and Recommendation reversing in part the Administrative Law Judge's ("ALJ") decision and remanding the action to the Social Security Administration. Dkt. 23. On October 11, 2010, Sutherland filed objections to portions of the Report and Recommendation on several grounds. Dkt. 24. Defendant, Michael J. Astrue, Commissioner of Social Security Administration ("Commissioner"), did not file objections.

ORDER - 1

The Court adopts the Magistrate Judge's recitation of the factual and procedural history contained in the Report and Recommendation (Dkt. 23 at 1-3) as Sutherland did not object to this portion of the Report and Recommendation.

## II. SUTHERLAND'S OBJECTIONS

Sutherland makes the following objections to the Magistrate Judge's Report and Recommendation:

(1) The Magistrate Judge erred in finding that the ALJ properly rejected the opinion of Margene Fields, ARNP ("Fields"), Sutherland's treating nurse practitioner, based on the inconsistency between her evaluation form and a handwritten note (Dkt. 24 at 3-6);

(2) The Magistrate Judge erred in using a *post hoc* rationale and finding that the ALJ was not required to consider the evidence presented by Joseph D. Sueno, M.D. ("Dr. Sueno"), Rajesh G. Arakal, M.D. ("Dr. Arakal"), James R. McDowell, M.D. ("Dr. McDowell"), or Jeff Bremer, Ph.D. ("Dr. Bremer"), as their opinions did not "constitute evidence of a disability or significant dysfunction impairing the ability of plaintiff to perform full-time work" (Dkt. 24 at 7 (quoting Dkt. 23 at 6)); and

(3) The Magistrate Judge erred in affirming the ALJ's determination of Sutherland's credibility (Dkt. 24 at 3-11).

In addition, Sutherland requests that if the Court remands the action for a new hearing, the ALJ be required to make a new residual functional capacity finding ("RFC") based on all of the evidence in the record. *Id*. at 10-11. Finally, Sutherland maintains that the medical evidence on record requires a finding of disability under the Medical-Vocational Guidelines and that the Court should exercise its discretion and remand this action for an award of benefits. *Id*. at 11-12.

## III. DISCUSSION

**A.    Standard of Review**

This Court shall make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  *Id*.

This Court must set aside the ALJ's decision to deny benefits if it is not supported by substantial evidence or is based on a legal error.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  In determining whether the ALJ's findings are supported by substantial evidence, the administrative record must be reviewed as a whole with consideration of all the evidence contained therein.  *Id*.  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Fife v. Heckler*, 767 F.2d 1427, 1429 (9th Cir. 1985).

**B.    Ms. Fields's Opinion**

Sutherland contends that the Magistrate Judge erred in finding that the ALJ properly rejected Ms. Fields's opinion based on the inconsistency between her Department of Social and Health Services evaluation form and her own handwritten note. Dkt. 24 at 3-5.  Sutherland argues that this alleged inconsistency, that the evaluation form limited Sutherland to sedentary work while the note stated that he simply could not stand for more than six hours, a limitation which indicates an ability to perform light work, is not a legitimate reason to reject Ms. Fields's detailed evaluation and opinion.  *Id.*  In addition, Sutherland argues that the ALJ acknowledged Ms. Fields's August 2008 finding that Sutherland "had extremely limited flexion of the spine and pain with lateral bending" (Tr. 74 (citing Tr. 380)) but did not properly explain what weight she was according to Ms. Field's finding.  Dkt. 24 at 5.  Sutherland maintains that this finding by Ms. Fields was consistent with her opinion that Sutherland was limited to sedentary work.  *Id*.

ORDER - 3

1    The ALJ has the sole responsibility of determining credibility and resolving
2 ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715,
3 722 (9th Cir. 1998). Here, the Court concludes that the ALJ properly rejected Ms.
4 Fields's opinion based on the ALJ's finding that there were inconsistencies in the medical
5 evidence Ms. Fields provided.

6 **C.    Opinions of Dr. Sueno, Dr. Arakal, Dr. McDowell, and Dr. Bremer**

7    Sutherland argues that the Magistrate Judge erred in finding that the ALJ did not
8 err in her consideration and discussion, or lack thereof, of the opinions of Dr. Sueno, Dr.
9 Arakal, Dr. McDowell, and Dr. Bremer. Dkt. 24 at 6-8. Sutherland maintains that the
10 ALJ violated the legal standard stated in *Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir.
11 1995), that an ALJ cannot reject significant probative evidence without explanation. Dkt.
12 24 at 7. However, Sutherland has failed to show that the opinions of Dr. Sueno, Dr.
13 Arakal, Dr. McDowell and Dr. Bremer constitute significant probative evidence. The
14 Court concurs with the Magistrate Judge that none of the findings of these four doctors
15 cited to by Sutherland "were linked to any specific work-related limitations by any of
16 those same medical sources." Dkt. 23 at 6. Therefore, the Court concludes that the ALJ
17 did not err in her consideration and discussion of this evidence.

18 **D.    Sutherland's Credibility**

19    Sutherland asserts that the Magistrate Judge improperly found that the ALJ did not
20 err in making her assessment of Sutherland's credibility. Sutherland argues that the ALJ
21 should be required to fully reevaluate his testimony based on the ALJ's failure to properly
22 evaluate the medical evidence from Ms. Fields, Mr. Meyer, Dr. Sueno, Dr. Arakal, Dr.
23 McDowell, and Dr. Bremer. However, the Court has concluded that the ALJ did not err
24 in evaluating the evidence presented by Dr. Sueno, Dr. Arakal, Dr. McDowell, and Dr.
25 Bremer. Although the Court is affirming the Magistrate Judge's finding that some of the
26 reasons the ALJ gave for rejecting Ms. Fields's opinion were improper, and that the
27 ALJ's rejection of Mr. Meyer's opinion was improper, as these findings were not
28

ORDER - 4

objected to, the Court concludes that the Magistrate Judge correctly found that there is substantial evidence in the record to support the ALJ's assessment of Sutherland's credibility. This evidence includes contradictions between Sutherland's reported symptoms and his level of activity, poor motivation and work history, and inconsistent statements regarding his substance abuse.

**E.    Remand**

In his objections, Sutherland contends that this Court should exercise its discretion and remand this action for an award of benefits because the medical evidence on record requires a finding of disability under the Medical-Vocational Guidelines. Dkt. 24 at 11-12. In addition, Sutherland maintains that the ALJ's RFC assessment was improper and that if the action is remanded to the ALJ for consideration, the Court should require the ALJ to do an assessment of Sutherland's RFC based on all of the evidence in the record. *Id*. at 10-11.

Neither Sutherland nor the Commissioner object to the Magistrate Judge's finding that the ALJ improperly rejected the opinion of Mr. Meyers. In addition, neither Sutherland nor the Commissioner object to the Magistrate Judge's finding that the ALJ must reassess Sutherland's RFC with respect to Mr. Meyer's opinion to ensure that the assessment accurately describes all of Sutherland's physical functional limitations. Next, neither Sutherland nor the Commissioner object to the Magistrate Judge's finding that the ALJ must reassess Sutherland's RFC with respect to the opinions of William Lysak, Ph.D. ("Dr. Lysak"), and Bruce Eather, Ph.D. ("Dr. Eather"), to ensure that the assessment accurately describes all of Sutherland's mental functional limitations. Finally, assuming the Court concludes that the action should be remanded, neither Sutherland nor the Commissioner object to the Magistrate Judge's finding that the ALJ must reevaluate step five of the disability evaluation process after the ALJ has completed the new RFC assessment.

The Court concludes that, based on the evidence in the record, it would be improper for the Court to make a disability determination as the action must be remanded to the ALJ to reassess Sutherland's RFC before such a determination can be made.  In addition, the Court concludes that the ALJ's reassessment of Sutherland's RFC can be limited to the evidence presented by Mr. Meyers, Dr. Lysak, and Dr. Eather as the Court has found the ALJ did not err in its previous assessment with the exception of her assessment regarding those opinions.  Accordingly, the Court concludes that the ALJ's disability decision must be reversed and that, on remand, the ALJ must reevaluate step five of the disability determination.

## IV. ORDER

(1) The Court **ADOPTS in part and DECLINES TO ADOPT in part** the Report and Recommendation (Dkt. 23) as stated herein; and

(2) The ALJ's decision is **REVERSED** and this action is **REMANDED** to the Social Security Administration for further proceedings consistent with this order.

DATED this 13th day of December, 2010.

BENJAMIN H. SETTLE
United States District Judge